UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                                    :

UNITED STATES OF AMERICA                                             

                                                    :   CONSENT PRELIMINARY ORDER
- v. -                                                                     OF FORFEITURE AS TO SPECIFIC
                                                      :   PROPERTY/MONEY JUDGMENT

OLUSEUN MARTINS OMOLE,

                                                      :   23 Cr. 367 (JMF)

          Defendant.
                                                      :

------------------------------------- x

       WHEREAS, on or about July 21, 2023, OLUSEUN MARTINS OMOLE, (the "Defendant"), was charged in an Indictment, 23 Cr. 367 (JMF) (the "Indictment"), with conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to commit receipt of stolen goods and interstate and foreign transportation of stolen goods in violation of Title 18, United States Code, Section 371 (Count Two); and receipt of stolen goods in violation of Title 18, United States Code, Sections 2315 and 2 (Count Three);

       WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from, proceeds traceable to the commission of the offenses alleged in Counts One through Three of the Indictment, including but not limited to a sum of money in the United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One to Three of the Indictment;

       WHEREAS, pursuant to Defendant's arrest on or about March 8, 2023, the Government seized various property from the Defendant at 10111 Clodine Road, Richmond, Texas, including, but not limited to, the following:

a. One (1) Large TV/Flat (FBI Item 1B94);

b. One (1) Eco Flow Generator (FBI Item 1B93);

c. Five (5) Eco Flow Solar Panels (FBI Items 1B88 to 1B92);

d. One (1) Eco Flow Smart Generator (FBI Item 1B87);

e. Ten (10) Eco Flow Batteries (FBI Items 1B77 to 1B86);

f. One (1) Starlink Satellite Receiver (FBI Item 1B76);

g. Red rope containing iPhone 14 Pro Max (FBI Item 1B75);

h. Red rope containing iPhone 13; iPhone 14 plus; and iPhone screen protectors (FBI Item 1B74);

i. Red rope containing three (3) iPhone 14 Pro Max (FBI Item 1B73);

j. Red rope containing four (4) iPhone 14 Pro Max (FBI Item 1B72);

k. One (1) box containing four (4) iPhone 13 (FBI Item 1B71);

l. One (1) heat sealed bag containing four (4) watches (FBI Item 1B70);

m. One (1) Predator generator (FBI Item 1B69);

n. One (1) USPS mailing box containing Nintendo 3DS with accessories (FBI Item 1B68);

o. One (1) USPS medium-sized flat rate box containing Samsung phone in bag (FBI Item 1B67);

p. One (1) box containing iPhone (FBI Item 1B64);

q. One (1) large-sized FedEx box containing Apple Mac Book 17" (FBI Item 1B63);

r. One (1) box containing iPhone and perfume (FBI Item 1B62);

s. Red rope containing iPhone 14 (FBI Item 1B61);

t. Red rope containing phone model X27 Plus (FBI Item 1B60);

u. One (1) box of Apple accessories (FBI Item 1B59);

v. One (1) heat-sealed bag containing $5,000 in United States currency (FBI Item 1B58);

w. One (1) brown box containing Brahmin purse (FBI Item 1B57);

x. One (1) large-sized FedEx box containing Coach purse (FBI Item 1B56);

y. One (1) small box containing Michael Kors backpack (FBI Item 1B55);

z. Red rope containing Samsung phone (FBI Item 1B54);

aa. Red rope containing iPhone 13 (FBI Item 1B53);

bb. Red rope containing Samsung chrome laptop (FBI Item 1B52);

cc. One (1) cellophane containing handwritten note with costume jewelry (FBI Item 1B51);

dd. One (1) brown box containing Apple MacBook Air (FBI Item 1B50);

ee. Cellophane containing Galaxy A13 5G phone (FBI Item 1B48);

ff. Cellophane containing Samsung phone with personal letter (FBI Item 1B47);

gg. PS3 with accessories (FBI Item 1B45);

hh. Red rope containing Nintendo Switch (FBI Item 1B44);

ii. One (1) box containing Thinkpad (FBI Item 1B43);

jj. Red rope containing Paintball gun (FBI Item 1B42);

kk. One (1) large-sized FedEx box containing computer in box (FBI Item 1B41);

ll. Red rope containing Samsung Tab A7 (FBI Item 1B40);

mm. One (1) brown box with MaxyGene thermal cycler with shipping labels and invoice (FBI Item 1B37);

nn. One (1) Toshiba box containing box with monitor and computer parts (FBI Item 1B36);

oo. One (1) brown box containing box with DJ mixer with shipping label (FBI Item 1B35);

pp. One (1) gray box containing HP laptop (FBI Item 1B34);

qq. Red rope containing iPhones (FBI Item 1B33);

rr. Red rope containing MacBook Pro with serial number Y7R9PJ74H6 (FBI Item 1B32);

ss. One (1) small white box containing two (2) iPad Pro (FBI Item 1B31);

tt. One (1) brown box containing Dell laptops (FBI Item 1B30);

uu. Red rope containing Apple iPhone with accessories (FBI Item 1B29);

vv. One (1) brown box containing two (2) Apple iPhones; one (1) iPad; and one (1) Apple watch (FBI Item 1B28);

ww. One (1) small box containing two (2) Apple MacBooks (FBI Item 1B27);

xx. One big brown box containing four (4) Apple iPhone 14 Pro; and two (2) Apple MacBooks (FBI Item 1B26);

yy. Three (3) satellite routers (FBI Item 1B23 to 1B25);

zz. One (1) box containing phones and cords (FBI Item 1B22);

aaa. One (1) white box containing two (2) iPhones (FBI Item 1B21);

bbb. One (1) small brown box containing Apple watch with serial number D499N6HZ97 (FBI Item 1B20);

      ccc.    FedEx box containing three (3) E88 Max Drones YK1090 (FBI Item 1B19);

      ddd.    Box of electronic chargers (FBI Item 1B18);

      eee.    One (1) brown box containing iPad Pro with serial number YL6LGL6046; and iPad Pro with serial number GK4D9FVNJ6 (FBI Item 1B17);

      fff.    One (1) LG 43" TV (FBI Item 1B16);

      ggg.    One (1) xenon light (FBI Item 1B15);

      hhh.    One (1) white box containing electronic cameras (FBI Item 1B14); and

      iii.    Canon lens (FBI Item 1B10).

(a. through iii., collectively, the "Specific Property");

      WHEREAS, on or about April 16, 2024 the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency, representing proceeds traceable to the commission of the offense alleged in Count One of the Indictment, and the Specific Property;

      WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $623,894.50 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained;

      WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Jerry J. Fang, of counsel, and the Defendant and his counsel, Todd A. Spodek, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $623,894.50 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

Defendant OLUSEUN MARTINS OMOLE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money laundering Unit, 26 Federal Plaza, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     9/10/24
Jerry J. Fang                     DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2584


OLUSEUN MARTINS OMOLE

By: _____     9/11/24
OLUSEUN MARTINS OMOLE             DATE


By: _____     9/11/24
TODD A. SPODEK, ESQ.              DATE
Spodek Law Group PC
85 Broad Street, 30th Floor
New York, NY 10004
(212) 300-5196


SO ORDERED:

_____         9/11/2024
HONORABLE JESSE M. FURMAN         DATE
UNITED STATES DISTRICT JUDGE