UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
UNITED STATES OF AMERICA                        :
                                                :    **STIPULATION AND ORDER**
         - v. -                                 :
                                                :    23 Cr. 367 (JMF)
OLUSEUN MARTINS OMOLE,                          :
                                                :
                      Defendant.                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    WHEREAS, on or about September 11, 2024, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture") (D.E. 43) forfeiting, *inter alia*, all right, title, and interest of defendant, OLUSEUN MARTINS OMOLE (the "Defendant") in the following:

    a.  One (1) large-sized FedEx box containing Coach purse (FBI Item 1B56); (the "Specific Property");

    WHEREAS, the Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Order of Forfeiture, notice of the United States intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

    WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on January 8, 2025 for thirty (30) consecutive days, through February 6, 2025, pursuant

to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, and proof of such publication was filed with the Clerk of the Court on March 14, 2025 (D.E. 51);

WHEREAS, third-party Tina Cooney ("Cooney") has notified the Government of her interest in the Specific Property;

WHEREAS, Defendant and Cooney are the only individuals and/or entities known by the Government to have an interest in the Specific Property;

WHEREAS, no petitions or claims to contest the forfeiture of the Specific Property have been filed, and the time frame to do so has expired;

WHEREAS, the Government recognizes that Cooney's interest is superior to the Government's interest pursuant to Title 21, United States Code, Section 853(n)(6)(A); and

WHEREAS, the United States and Cooney (collectively, the "Parties") have agreed, in order to avoid further litigation, to resolve their claims in the Specific Property on the terms and conditions set forth below.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Jerry J. Fang, Assistant United States Attorney, of counsel, and Cooney, pro se, that:

1. Cooney has a superior interest in the Specific Property pursuant to Title 21 United States Code, Section 853(n)(6)(A), and the Government shall not seek to further forfeit the Specific Property or otherwise include the Specific Property in a Final Order of Forfeiture.

2. Upon entry of this Stipulation and Order, the United States Marshals Service shall return the Specific Property to Cooney in a manner agreed upon by the Parties.

3. The terms of this Stipulation and Order shall be subject to approval by the Court. Violation of any terms or conditions herein shall be construed as a violation of an Order of the Court.

4. The Government's agreement to this Stipulation and Order is expressly premised upon the truthfulness, accuracy and completeness in every material part of the representations made by Cooney.

5. Cooney is hereby barred from asserting, or assisting others in asserting, any claim, including third-party claims and any claim for attorney's fees and costs, against the United States or any of its agents and employees, including the Department of Justice ("DOJ"), United States Marshals Service ("USMS"), the Federal Bureau of Investigation ("FBI") and this Office (the "USAO-SDNY"), as well as any and all employees, officers, and agents of the DOJ, USMS, the FBI and the USAO-SDNY in connection with, or arising out of, the United States' seizure, restraint, custody, or control over the Specific Property.

6. Cooney agrees to hold harmless the United States, DOJ, the FBI, the SDNY-USAO, the USMS, and any and all employees, officers, and agents of said entities from any and all third party claims of ownership of the Specific Property.

7. Each party signing this Stipulation and Order warrants that they are authorized to sign this Stipulation and Order on behalf of the party for whom their signature appears.

8. The Parties hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

9. Further, this Stipulation and Order shall in no way constitute any reflection upon the merits of any petition, claim and/or defenses that may be asserted respectively by the Parties.

10. Each party shall bear its own costs and attorney's fees.

11. This Stipulation and Order constitutes the complete agreement of the parties and may not be amended without express written authorization from all parties.

12. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

13. The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature, and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. This Stipulation and Order constitutes the complete agreement between the Parties and may not be amended except by written consent of the Parties.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: _____     _____
    JERRY J. FANG                             DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2584

TINA COONEY

By: _*Tina M. Cooney*_____     3/17/25
    TINA COONEY                                 DATE
    Pro Se

SO ORDERED:

_____     _____
HONORABLE JESSE M. FURMAN                DATE
UNITED STATES DISTRICT JUDGE

14. This Stipulation and Order constitutes the complete agreement between the Parties and may not be amended except by written consent of the Parties.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY

Acting United States Attorney for the

Southern District of New York

By: _____  03/21/2025
JERRY J. FANG  DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2584

TINA COONEY

By: _____  _____
TINA COONEY  DATE
Pro Se

The Clerk of Court is directed to terminate Doc. #54.
SO ORDERED:

_____  March 21, 2025
HONORABLE JESSE M. FURMAN  DATE
UNITED STATES DISTRICT JUDGE