```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA,                                            :
                                                                     :
            -v-                                                      :     23-CR-367 (JMF)
                                                                     :
OLUSEUN MARTINS OMOLE,                                               :          ORDER
                                                                     :
                            Defendant.                               :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Earlier today, the Court received the attached "THIRD PARTY PETITION FOR AN ORDER TO RETURN PROPERTY AT THE EXPENSE OF THE U.S.A." via mail. The Government shall file a response no later than **April 25, 2025**.

SO ORDERED.

Dated: April 18, 2025
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

Ronald Olajide
4200 Park Blvd Apt. 137
Oakland, CA 94602
510-629-0238
Attorney for Plaintiff: Self-Represented

Honorable Jesse M. Furman
Thurgood Marshall
United States Courthouse Courtroom: 1105
40 Foley Square
New York, NY 10007

To the Honorable Judge of the
District Court of the United States of America
for the Southern District of New York

| | |
|---|---|
| RONALD OLAJIDE<br>　　PETITIONER<br>UNITED STATES OF AMERICA<br>　　THIRD PARTY RESPONDENT<br>V.<br>OLUSEUN MARTINS OMOLE,<br>　　THIRD PARTY RESPONDENT | THIRD PARTY PETITION FOR AN ORDER TO RETURN PROPERTY AT THE EXPENSE OF THE U.S.A.<br><br>23 CR. 367 (JMF) |

Page 1 of 5

COMES NOW Third-Party Petitioner, Ronald Olajide, and respectfully moves this Honorable Court pursuant to Federal Rule of Criminal Procedure 41(g) for an order directing the United States Government to return property unlawfully retained by the FBI, and to do so at the Government's expense, and in support thereof states as follows:

**BACKGROUND**

1. On January 21, 2025, the U.S. Department of Justice (DOJ) filed a Response (Dkt. 49) to Petitioner's Third-Party Petition in the above-captioned matter.

2. In its Response, the DOJ expressly acknowledged that Petitioner is the superior interest holder in property identified as FBI Items 1B77 through 1B93, hereinafter referred to as "Petitioner's property."

3. "When the government has seized property during the course of a criminal investigation, it must return the property once the criminal proceedings have concluded, unless it has a continuing interest in the property." United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)

4. The DOJ further stated in its Response that it would effectuate the return of Petitioner's property.

5. Despite this acknowledgment, the Government has refused to pay the shipping costs necessary to return Petitioner's property to him in Nigeria, even though Petitioner had already paid for delivery of said items prior to the Government's wrongful retention of them.

6. If "A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence" United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987), it seems quite unreasonable for the government to burden Petitioner who isn't a

criminal defendant with costs to return his property, since he paid for these costs prior to their seizure.

7. On April 11, 2025, DOJ representatives informed Petitioner via email that it is Petitioner's "responsibility to take custody of the items and arrange for getting the items to whatever final destination you choose."

8. The Government has failed to produce a valid warrant issued in compliance with the Fourth Amendment that particularly describes Petitioner's property as subject to seizure.

9. The Government's reference to a warrant allegedly signed on March 7, 2023, by the Honorable Dena Hanovice Palermo, U.S. Magistrate Judge for the Southern District of Texas (Dkt. No. 23-mj-432), fails under **Federal Rule of Evidence 1002** to prove that the content of the warrant gives the government authority to seize Petitioner's property, as no original or copy of the warrant describing the property has been presented in this case to justify the Government's continued custody.

10. The continued refusal to return Petitioner's property without imposing additional financial burdens on him constitutes an unreasonable seizure under the Fourth Amendment and an unlawful deprivation of property without due process, in violation of the Fifth Amendment to the United States Constitution.

11. "Rule 41(g) is a vehicle for returning seized property that is no longer needed for evidentiary purposes, and its equitable remedy allows courts to order return in cases of deprivation or misconduct." United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001).

**RELIEF REQUESTED**

WHEREFORE, Petitioner respectfully requests that this Court:

1. **Order the Government to promptly return FBI Items 1B77 through 1B93 to Petitioner at the Government's expense without stipulations;**

2. Find that the Government's continued refusal to return the property at its own expense is unreasonable and violative of Petitioner's rights under the Fourth and Fifth Amendments;

3. Grant any other relief the Court deems just and proper, including potential costs incurred by Petitioner resulting from the Government's unlawful retention of the property.

Respectfully submitted,

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 14, 2025

Petitioner's Signature  *[signature]*

Ronald Olajide
4200 Park Blvd Apt. 137
Oakland, CA 94602
510-629-0238
Attorney for Plaintiff: Self-Represented

**Kevin Gorman**
To:

# RE: [EXTERNAL] Re: United States v. Olusen Martin Omole, 23 Cr. 367

Hello Mr. Olajide:

I apologize for the delay in getting back to you. We have discussed this matter internally at great length and have determined that the Government is not able to pay for the costs to ship the items to Nigeria. The extent of the Government's obligation is to make the items available to you for return. The Government has confirmed that the panels are currently in the custody of the FBI office located in New York, however, to the extent it facilitates a resolution, we can arrange for the panels to be sent to any FBI office in the continental United States. At that point, it would be your responsibility to take custody of the items and arrange for getting the items to whatever final destination you choose.

I have attached an update draft of the Stipulation for your review.

Please let me know if you have any questions regarding the above.

Best,

Kevin Gorman
Senior Law Clerk
FSA Government Contractor
Illicit Finance and Money Laundering Unit
US Attorney's Office: SDNY
26 Federal Plaza, 38th Floor
New York, New York 10278
(212) 637-2434